UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| AMERICAN COMMERCIAL BARGE LINE LLC, | ) ) ) | |
| Plaintiff / Counterclaim Defendant, | ) ) ) ) | |
| v. | ) ) | No. 4:19-cv-00274-SEB-DML |
| LOUIS DREYFUS COMPANY LLC, | ) ) | |
| Defendant / Counterclaim Plaintiff, | ) ) ) ) | |
| LOUIS DREYFUS COMPANY RIVER ELEVATORS LLC, | ) ) ) | |
| Counterclaim Plaintiff | ) ) | |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S (DREYFUS) MOTION FOR LEAVE TO FILE SURRPELY**

On December 21, 2020, Counterclaim Plaintiff / Defendant Louis Dreyfus Company LLC and Counterclaim Plaintiff Louis Dreyfus Company River Elevators LLC (combined "LDC") filed a Motion for Leave to File a Surreply. [Dkt. 49]. A surreply is granted only in "limited circumstances," such as when it is necessary to "address new arguments or evidence raised in the reply brief or object[] to the admissibility of evidence in the response." *Bernadin v. Marriott Int'l Inc.*, No. 1:17-CV-02753-TWP-TAB, 2019 WL 1041333, at *4 (S.D. Ind. Mar. 4, 2019).

1

LDC asserts that Counterclaim Defendant / Plaintiff American Commercial Barge Line LLC's ("ACBL") reply brief in support of their motion for partial dismissal [Dkt. 48] alleges that LDC is misleading the Court in three ways. LDC's proposed surreply seeks to address ACBL's claims of allegedly misleading behavior by LDC. For the reasons explicated below, LDC's motion to file a surreply is granted but only to respond to the new evidence raised in ACBL's reply brief; the remaining portions of the proposed surreply will be stricken.

ACBL attached an article, not previously cited, as an exhibit to their reply brief [Dkt. 48-1] to support its claim that LDC submitted an inaccurate timeline of events as a part of their opposition brief. In its surreply, LDC seeks to clarify the timeline surrounding the opening of their West Memphis facility, the subject of the article. We agree with LDC's description of the attached article that it constitutes "new evidence." *See Celadon Trucking Servs. v. Sherwin-Williams Co.*, No. IP02-0806-C-B/S, 2004 U.S. Dist. LEXIS 25836, at *4–*5 (S.D. Ind. July 22, 2004) (allowing a surreply where a party in reply relies on "evidence not previously cited"); *see also Rednour v. Wayne Twp.*, 51 F. Supp. 3d 799, 808 (S.D. Ind. 2014) (same). LDC is therefore entitled to offer a rebuttal to ACBL's arguments relating to Exhibit 1 of their reply brief.

ACBL's reply brief also referenced that LDC took unwarranted liberties in its response in characterizing the language included by ACBL in a footnote in their opening brief. LDC seeks to clarify its argument in their response to demonstrate that they did not intentionally mislead the court. However, ACBL's reply brief did not present any new argument in regard to the footnote; it simply invited the Court to compare the footnote

and LDC's discussion of the footnote's language in their response brief. Thus, this portion of LDC's surreply does not respond to a new argument raised by ACBL and will be stricken.

In its response brief, LDC characterized ACBL as seeking a "premature" dismissal of the counterclaims. In rebuttal, ACBL's reply brief references LDC's statement in the Case Management Plan that it believes the counterclaims can be resolved as a matter of law on summary judgment. LDC now criticizes ACBL for raising new arguments in their reply brief when ACBL "suggests" that LDC's arguments are inconsistent in arguing that a judgment on a motion to dismiss is premature after previously noting in the Case Management Plan that a motion for summary judgment may ensue. To illustrate, LDC's proposed surreply states that ACBL raised a contractual waiver legal theory for the first time on reply and that an inconsistency between § 3(g)(ii) of the Freight Services Agreement and contracts of affreightment creates a contractual ambiguity, which, if true, would prevent dismissal.

These issues characterized by LDC as "new arguments" in ACBL's reply brief were advanced as rebuttal arguments to response issues raised and discussed in LDC's own response. ACBL did not raise this for the first time as a new argument on reply. LDC is not entitled to have the last word on the foregoing issues because "the 'purpose for having a motion, response and reply is to give the movant the final opportunity to be heard and to rebut the non-movant's response, thereby persuading the court that the movant is entitled to the relief requested by the motion.'" *Lawrenceburg Power, LLC v. Lawrenceburg Municipal Utils.*, 410 F. Supp. 3d 943, 949 (S.D. Ind. 2019) (quoting *Lady*

3

*Di's Inc. v. Enhanced Servs. Billing, Inc.*, No. 1:09-cv-0340-SEB-DML, 2010 WL 1258052, at *2 (S.D. Ind. Mar. 25, 2010)).

For these reasons, we <u>GRANT IN PART</u> and <u>DENY IN PART</u> LDC's motion for leave to file surreply [Dkt. 49]. We allow LDC's first contention argued in the attached surreply, which is the only portion of the proposed surreply that relates to the new evidence submitted as an exhibit to ACBL's reply brief. The remaining portions of the surreply are stricken.

IT IS SO ORDERED.

Date: 9/28/2021

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

William W. Drummy
WILKINSON GOELLER MODESITT WILKINSON & DRUMMY
wwdrummy@wilkinsonlaw.com

Donald J. Kelly
WYATT TARRANT & COMBS
dkelly@wyattfirm.com

Jay D. Koehn
MCGRATH NORTH MULLIN & KRATZ, PC LLO
jkoehn@mcgrathnorth.com

Patrick D. Pepper
MCGRATH NORTH MULLIN & KRATZ, PC LLO
ppepper@mcgrathnorth.com

Sean G. Williamson
WYATT TARRANT & COMBS, LLP (Lousiville)
swilliamson@wyattfirm.com